**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRANTISEK PRIBYL,**

    **Plaintiff,**

vs.                                              Case No. 4:18cv372-RH/CAS

**SIS-FDC-TALLAHASSEE, et al,**

    **Defendants.**

_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has filed a second amended complaint, ECF No. 35, in this civil rights action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This version of Plaintiff's complaint has been reviewed as required by 28 U.S.C. § 1915A.

Additionally, Plaintiff has filed a "motion to confirm Defendants." ECF No. 39. Plaintiff's motion is denied because Plaintiff's request for relief is not clear. It is unclear whether Plaintiff is requesting that this Court confirm the name and title of the warden listed in his second amended complaint, or to confirm that this case proceeds against Warden Coil and several

other officers from the Federal Detention Facility in Tallahassee.[1] Because Plaintiff's motion cannot be understood, it is denied.

Plaintiff also filed a "motion" seeking an explanation concerning the Report and Recommendation. ECF No. 40. Plaintiff says that he is confused about the notice which is on the bottom of the Report and Recommendation. *Id.* Plaintiff need not be concerned about the notice portion of the prior Report and Recommendation, ECF No. 34,[2] because it has been vacated. This motion is also denied.

As for Plaintiff's second amended complaint, ECF No. 35, Plaintiff seeks to bring claims against: (1) the warden of FDC - Tallahassee, R.E. Coil; (2) an unknown officer of the "SIS - FDC - Tallahassee;" (3) J. Lynch, identified as "SIS Property Officer;" and (4) Officer/Director Mr. Profit. ECF No. 35. Plaintiff continues to indicate that he sues all Defendants in both their individual and official capacities. ECF No. 35 at 2-3, 14. However, as

---

[1] Because Plaintiff is proceeding with three separate cases, *see* case number 4:18cv365 and case number 4:18cv349, it is possible that Plaintiff is confused about which case he filed against which Defendant, but that is not clear.

[2] A Report and Recommendation was entered on July 15, 2019, because Plaintiff had not filed an amended complaint as previously directed. ECF No. 24. Plaintiff's amended complaint, ECF No. 35, was belatedly received and the Report and Recommendation was vacated. ECF No. 36.

noted above, this action is brought pursuant to *Bivens*.[3] A federal prisoner may sue a federal officer in a *Bivens* cause of action. Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 69-70, 122 S. Ct. 515, 520-21, 151 L. Ed. 2d 456 (2001). However, a *Bivens* claim is brought against an officer in his or her individual capacity only. Thus, Plaintiff may not sue federal officers in their official capacities for monetary damages. F.D.I.C. v. Meyer, 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (cited in Guest v. United States, No. 5:13-CV-283-CAR-CHW, 2014 WL 2881958, at *2 (M.D. Ga. June 25, 2014), *aff'd*, 615 F. App'x 656 (11th Cir. 2015)).

Moreover, Plaintiff's allegations do not state a claim against any named Defendant. In general, Plaintiff alleges that he had property intentionally stolen while he was housed at F.D.C. in violation of the Fifth Amendment. ECF No. 35 at 5-6. Plaintiff indicates that another inmate came to his cell and put a file on his bed saying, "think this is yours." *Id.* at 5. Plaintiff alleges that he reported it to his lawyer. *Id.* Plaintiff also

---

[3] "A plaintiff asserts a *Bivens* claim when he alleges that 'federal officers, acting under color of federal law,' acted unconstitutionally." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995) (quotation omitted) (quoted in Salazar v. U.S. Atty. Gen., 476 F. App'x 383, 385 (11th Cir. 2012)). "A Bivens action is analogous to complaints brought against state actors under 42 U.S.C. § 1983, and courts generally apply § 1983 law in *Bivens* actions." *Id.*

Case No. 4:18cv372-RH/CAS

complains that he was taken to the "SHU" on false charges. *Id.* He suggests that he was placed there so officers could confiscate incriminating documents. *Id.* He further claims that the documents were "intentionally" taken with no plans to return them to him. *Id.* at 6. The documents still have not been returned despite his requests for help. *Id.*

Plaintiff has not provided facts which reveal that any named Defendant violated his rights. Plaintiff has not identified any specific person who allegedly, intentionally, deprived him of his property. Without such an allegation, Plaintiff's claim cannot succeed.

Considering the number of opportunities Plaintiff has already been provided in which to submit a viable complaint, it does not appear that further opportunities would be beneficial. Accordingly, it is recommended that Plaintiff second amended complaint, ECF No. 25, be dismissed for failure to state a claim.

Accordingly, it is

**ORDERED:**

1. Plaintiff's motion to confirm, ECF No. 39, is **DENIED**.
2. Plaintiff's motion to explain, ECF No. 40, is **DENIED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 35, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on October 2, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PLAINTIFF

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, Plaintiff may serve and file specific written objections to this proposed recommendation. Fed. R. Civ. P. 72(b)(2). By failing to object to a particular claim or issue contained in this Report and Recommendation, Plaintiff may waive the right to challenge on appeal the District Judge's order based on any unobjected-to factual or legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**