IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FRANTISEK PRIBYL,

    Plaintiff,

v.                                      CASE NO. 4:18cv372-RH-CAS

SIS-FDC-TALLAHASSEE et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff is a federal prisoner whose pleadings are less than clear but whose primary complaint apparently is that someone stole his legal files. He asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). That case sometimes allows an action against a federal officer for a constitutional violation.

The case is before the court on the magistrate judge's October 2, 2019 report and recommendation, ECF No. 41. The recommendation is for dismissal of the second amended complaint for failure to state a claim on which relief can be granted. The plaintiff sought repeated extensions of the deadline for objections.

The order of February 15, 2020 extended the deadline to March 6 and said the deadline would not be extended further.

The plaintiff did not file objections. The plaintiff did, however, tender a third amended complaint. Leave to amend had not been granted, so the third amended complaint is not properly before the court. In any event, the third amended complaint is again less than clear. It still complains of stolen legal files. It also adds new allegations, including that the plaintiff was the victim of excessive force, constitutionally deficient medical care, and racial discrimination. Leave to amend to add these new theories, which apparently bear no relationship to the claims in the earlier versions of the complaint, would not have been granted if sought—and was not sought.

The allegation that someone stole the plaintiff's files—the gravamen of the second amended complaint—does not state a claim on which relief can be granted against the named defendants. Nor do the other allegations of the second amended complaint. In addition to the analysis set out in the report and recommendation, the assertion that the plaintiff was deprived of his files, at least in the absence of an allegation of interference with a case or other harm, falls short under decisions including *Hudson v. Palmer*, 468 U.S. 517 (1984) (addressing an intentional taking of a prisoner's property) and *Parratt v. Taylor*, 451 U.S. 527 (1981) (addressing a

negligent taking of a prisoner's property), *overruled in part on other grounds by Daniels v Williams*, 474 U.S. 327, 330-31 (1986).

The third amended complaint alleges no facts that would change the conclusion that dismissal without leave to amend further is appropriate. If the plaintiff wishes to pursue allegations of excessive force, constitutionally deficient medical care, or racial discrimination, he will have to file a new lawsuit.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is accepted. The clerk must enter judgment stating, "The complaint is dismissed under 28 U.S.C. § 1915(e)(2)(B)." The clerk must close the file.

SO ORDERED on April 14, 2020.

s/Robert L. Hinkle<br>United States District Judge